UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| Blassingame | Civil Action No. 09-2117 |
| versus | Judge Tucker L. Melançon |
| Blassingame, et al | Magistrate Judge Hanna |

**MEMORANDUM ORDER**

Before the Court is a Motion For Stay filed by defendants Renee Blasingame and Monty Blasingame ("defendants") [Rec. Doc. 17], an objection thereto filed by plaintiff, Diane Blasingame, Individually and as Next Friend of E.B. ("plaintiffs") [Rec. Doc. 18] and defendants' reply memorandum [Rec. Doc. 19]. For the reasons that follow, defendants' motion will be denied.

*Background*

Plaintiffs filed this action against Michael Blasingame, Renee Blasingame and Monty Blasingame on December 16, 2009. *R. 1.* Plaintiff is the ex-wife of defendant Michael Blasingame with full custody of their son, E.B., a minor child. Plaintiff further alleges that defendants, Renee and Monty Blasingame, conspired with Michael Blasingame in retaining custody of or taking E.B. and concealing his whereabouts, in violation of Section 42.02 of the Texas Family Code. V.T.C.A., Family Code § 42.02. The whereabouts of Michael Blasingame and E.B. are unknown at this time.

Defendants represent and assert in their Answer to this action that this case is the second lawsuit filed by plaintiff against these defendants, arising from the same factual circumstances. *R.3.* The first case was filed in the Northern District of Texas, Sherman Division, as "*Diane Blasingame, Individually and Next Friend of E.B. v. Michael Blasingame, Monty Blasingame and Renee Blasingame,*" Civil Action No. 4:09cv0342. Defendants represent that plaintiff later "non-suited her claims against defendant Renee

Blasingame, following the filing of a Motion to Dismiss filed on behalf of Renee Blasingame" and that defendant Monty Blasingame "remains a defendant in that cause, though he is challenging personal jurisdiction." *R. 17, FN 1*.  Defendants also represent that Monty Blasingame is seeking a stay of the Texas proceedings for the same reasons set forth in this action. *Id.*

On November 20, 2009, Michael Blasingame was indicted in the Eastern District of Texas in Criminal Action 4:09-398, for violation of the International Parental Kidnapping Act, Title 18 United States Code, Section 1204.  Defendants represent in their motion that plaintiff's counsel has advised counsel for defendants that an indictment against Renee Blasingame has been issued and that an indictment against Monty Blasingame is "imminent." *Id. at p. 2*.  In their reply memorandum, defendants represent that "on July 2, 2010, Renee Blasingame was arrested on charges involving interference with child custody, directly relating to issues concerning Michael Blasingame and E.B." *R. 19, p. 1..*

*Analysis*

"There is no general federal constitutional, statutory, or common law rule barring the simultaneous prosecution of separate civil and criminal actions by different federal agencies against the same defendant involving the same transactions. Parallel civil and criminal proceedings instituted by different federal agencies are not uncommon occurrences because of the overlapping nature of federal civil and penal laws. The simultaneous prosecution of civil and criminal actions is generally unobjectionable because the federal government is entitled to vindicate the different interests promoted by different regulatory provisions even though it attempts to vindicate several interests simultaneously in different forums. *F.D.I.C. v. Maxxam, Inc.*, 523 F.3d 566, 592 (5th Cir.2008) (citing *SEC v. First Fin. Group*, 659 F.2d 660, 666-67 (5th Cir.1981)).  '[T]he granting of a stay of civil proceedings due to pending

criminal investigation is an extraordinary remedy, not to be granted lightly.' *In re Who's Who Worldwide Registry, Inc.*, 197 B.R. 193, 195 (Bankr.E.D.N.Y.1996) (citations omitted)." *U.S. v. Simcho*, 326 Fed.Appx. 791, 792-793 (5th Cir., 2009).

As the Fifth Circuit has instructed, in ruling on requests for stays of the civil side of parallel civil/criminal proceedings, "[j]udicial discretion and procedural flexibility should be utilized to harmonize the conflicting rules and to prevent the rules and policies applicable to one suit from doing violence to those pertaining to the other. In some situations it may be appropriate to stay the civil proceeding. In others it may be preferable for the civil suit to proceed-unstayed." *Campbell v. Eastland*, 307 F.2d 478, 487 (5th Cir.1962) (citation omitted)). "In 'special circumstances' ... a district court should stay one of the proceedings pending completion of the other to prevent a party from suffering substantial and irreparable prejudice." District courts have also recognized parallel agency actions. *F.D.I.C. v. Maxxam, Inc.*, 523 F.3d 566, 592 -593 (5th Cir., 2008)(quoting *SEC v. First Fin. Group of Tex., Inc.*, 659 F.2d 660, 666-67 (5th Cir.1981)).

Some courts from other jurisdictions have outlined several factors that should be considered in determining whether "special circumstances" warrant a stay, including: (1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the criminal case, including whether the defendants have been indicted; (3) the private interests of the plaintiffs in proceeding expeditiously, weighed against the prejudice to plaintiffs caused by the delay; (4) the private interests of and burden on the defendants; (5) the interests of the courts; and (6) the public interest. *Heller Healthcare Finance, Inc. v. Boyes,* 2002 WL 1558337, 2 (N.D.Tex.,2002). Considering these factors as they relate to the facts of this matter, the Court finds a stay in this case is not warranted. The evidence before the Court indicates that only Michael Blasingame is under indictment

in the criminal action in the Eastern District of Texas. While defendants contend they are being investigated and indictments will be issued against them, there is nothing before the Court supporting these contentions, at least at this time.[1] A stay in this matter would prejudice the private interests of the plaintiff in locating and regaining custody of her child. While proceeding with this action will not burden defendants, granting a stay pending a criminal case which has not yet fully developed, such as this one, will interfere with the Court's management of its docket. Moreover, the alleged parental kidnapping of a child, which is the basis of this case, weighs against a stay in the public's interest. Accordingly, as the Court finds there are no special circumstances which warrant a stay, it is

ORDERED that Motion For Stay filed by defendants Renee Blasingame and Monty Blasingame is DENIED.

Thus done and signed this 14th day of July, 2010, at Lafayette, Louisiana.

_____
Tucker L. Melançon
UNITED STATES DISTRICT JUDGE

---

[1] In their reply memorandum, defendants state that "Renee Blasingame was arrested" on July 2, 2010 "in connection with [an] issued indictment." This representation, however, is wholly unsupported by any evidence in the record.

4.