UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

DIANA BLASINGAME                     DOCKET NO. 6:09-cv-2117

VERSUS                               JUDGE MELANÇON

MICHAEL BLASINGAME,                  MAGISTRATE JUDGE HANNA
RENEE BLASINGAME, AND
MONTY JOE BLASINGAME

## MEMORANDUM  RULING

(Rec. Docs. 37 & 51)

A hearing was held on December 9, 2010, before the undersigned Magistrate

Judge, with regard to this Court's order (Rec. Doc. 37) compelling Philip R. Klein

and John S. Morgan to show cause, if any they have, why they should not be

sanctioned for making misrepresentations to the Court concerning service on

defendant Michael Blasingame and also with regard to this Court's order (Rec. Doc.

51) compelling Philip R. Klein to show cause, if any he has, why he should not be

held in contempt for failing to appear in court on November 24, 2010 as ordered.  Mr.

Morgan and Mr. Klein both appeared at the hearing.   Mr. Morgan was also

represented by legal counsel, Walter Sanchez.  Also appearing at the hearing was

Kenneth W. Jones, Jr., counsel for defendants Renee and Monty Blasingame.

<u>BACKGROUND INFORMATION</u>

The complaint filed in this lawsuit (Rec. Doc. 1) alleges that Michael Blasingame is a fugitive from justice who, with the assistance of his parents, Renee and Monty Blasingame, absconded with the minor child of he and his ex-wife, Diana Blasingame.  It is believed that Michael Blasingame and the child are outside the territorial limits of the United States.  After the complaint was filed, summonses were issued to defendants Michael Blasingame, Renee Blasingame, and Monty Blasingame.  (Rec. Doc. 2).

On June 8, 2010, the Clerk of Court issued a notice of intent to dismiss for failure to prosecute as to Michael Blasingame.  (Rec. Doc. 13)  At that time, the record contained no evidence that Michael Blasingame had been served.

The plaintiff responded to the notice with a motion to extend the time for serving Michael Blasingame.  (Rec. Doc. 14).  The plaintiff also submitted a proof of service form signed by Philip R. Klein on December 29, 2009, which stated, under penalty of perjury, that:  "I served the summons on... Monty Blasingame, who is designated by law to accept service of process on behalf of... Michael Blasingame... on... 12-29-09...."  (Rec. Doc. 14-2).  The plaintiff argued that Michael Blasingame had been served timely but that the proof of service had been misfiled.

Based on the representations set forth in the proof of service form and those made by plaintiff's counsel Mr. Morgan in support of the motion, the undersigned denied the motion for extension of time as moot "since the defendant was timely served."  (Rec. Doc. 16).

On August 26, 2010, pursuant to a request by the parties, the undersigned held a telephone conference with Kenneth W. Jones, Jr., counsel for defendants Renee and Monty Blasingame, and Cindy McClendon (an associate in Mr. Morgan's office), counsel for the plaintiff.  Counsel were concerned about an upcoming deadline for seeking a default judgment against Michael Blasingame.  The undersigned issued an order in which he found that good cause existed for suspending the deadline for entering a default judgment against Michael Blasingame and ordered the parties to brief certain issues.  (Rec. Doc. 25).

In the briefing that was subsequently submitted, the plaintiff argued that Michael Blasingame had been properly served (Rec. Doc. 26 at 1-3), while Renee and Monty Blasingame argued that Michael had not been properly served (Rec. Doc. 27 at 5, 10-15).  More particularly, the plaintiff argued that Michael had been properly served under Rule 4(e) of the Federal Rules of Civil Procedure because "service on Michael Blasingame was achieved by authorized personal process by delivering and leaving a copy of the complaint and summons with Defendant Michael Blasingame's

father, Monty Blasingame, at the last known residence of Michael Blasingame."
(Rec. Doc. 26 at 2).  In fact, however, the proof of service form submitted by the
plaintiff does not indicate that Michael Blasingame was served at his usual place of
abode.  Instead, it states that he was served when the process server left the summons
with Monty Blasingame "who is designated by law to accept service on behalf of...
Michael Blasingame."  (Rec. Doc. 14-2 at 2.)

Monty and Renee Blasingame stated in their briefing that service was not
effected on Michael at his last known residence.  Instead, "service on Michael
Blasingame was attempted by serving Monty Blasingame at the business owned and
operated by Renee and Monty Blasingame.  Not only did Michael Blasingame not
reside there, but it was not in fact even a residence.  There is in fact no evidence (nor
could there be) that this was somehow Michael Blasingame's dwelling or usual place
of abode."  (Rec. Doc. 27 at 13).  Renee and Monty Blasingame submitted Monty's
affidavit (Rec. Doc. 31-1), which describes the circumstances under which Mr. Klein
attempted to serve Michael.  The information set forth in the affidavit is consistent
with the argument presented by Renee and Monty Blasingame and is not consistent
with the representations made by the plaintiff in her briefing.[1]

_____

[1]     At the hearing, Mr. Klein confirmed that he delivered the summons directed to
Michael Blasingame to Monty Blasingame at Renee and Monty Blasingame's business not at their
home.

The undersigned determined that the evidence established that service was not effected upon Monty Blasingame as Michael's agent (as set forth in the proof of service form) or as a resident at Michael's usual place of abode (as argued by the plaintiff in her briefing). Therefore, the undersigned found that Michael Blasingame had not been properly served, vacated the prior order finding that service had been properly made, and ordered that Mr. Morgan and Mr. Klein appear and show cause why they should not be sanctioned for false or at least misleading representations to the Court. (Rec. Doc. 38).

In response to the show cause order, the plaintiff submitted affidavits from Cindy McClendon (Rec. Doc. 41-2) and Philip Klein (Rec. Doc. 41-1), which are not completely consistent with each other and which are troubling to the undersigned.

A hearing on the rule to show cause was set for November 24, 2010. (Rec. Doc. 37). Mr. Morgan requested that the hearing date be continued (Rec. Doc. 47), and the hearing was reset for December 9, 2010 (Rec. Doc. 49). Because neither Mr. Morgan nor any other attorney enrolled as counsel for Mr. Klein,[2] the request for a continuance must be interpreted as being applicable only to Mr. Morgan. But Mr. Klein failed to appear as ordered at the November 24 hearing. For that reason, the undersigned issued an order compelling Mr. Klein to show cause why he should not

---

[2]        At the December 9, 2010 hearing, Mr. Klein represented himself.

be held in contempt for failure to appear in court when ordered to do so.  (Rec. Doc. 51).  The hearing on that rule was also set for December 9.  (Rec. Doc. 51).

## DISCUSSION

Having read the briefs, reviewed the applicable law, and heard the arguments presented orally in open court, the undersigned finds that both Mr. Morgan and Mr. Klein misrepresented to the Court important facts relating to service of process on defendant Michael Blasingame, a critical factor in this litigation.  At the hearing, both Mr. Morgan and Mr. Klein acknowledged their errors and apologized to the Court for their errors.  Therefore, the undersigned will not sanction Mr. Morgan or Mr. Klein for their misrepresentations.

The undersigned further finds that Mr. Klein's failure to appear at the November 24, 2010 hearing was the result of either Mr. Morgan or someone in Mr. Morgan's office incorrectly advising him that the hearing, to the extent it concerned the rule to show cause directed to Mr. Klein, had been continued.  In fact, the hearing had been continued only with regard to the rule concerning Mr. Morgan.  The undersigned finds that Mr. Klein's failure to appear was not deliberate disobedience of the Court's order, and for that reason, Mr. Klein will not be held in contempt of court for failing to appear in court on November 24, 2010.

Accordingly,

IT IS ORDERED that both rules to show cause (Rec. Doc. 37 and Rec. Doc. 51) are hereby dismissed.

Signed at Lafayette, Louisiana, this 13th day of December, 2010.


Patrick J. Hanna
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)